**Herbert ZSCHIEGNER, Appellant**

v.

**UNITED STATES of America; Stan McDonald; Guardian Environmental.**

No. 04–3385.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 22, 2005.

Decided Aug. 16, 2005.

Herbert Zschiegner, Manasquan, NJ, pro se.

Susan J. Steele, Office of United States Attorney, Newark, NJ, for United States of America.

Before ROTH, MCKEE and ALDISERT, Circuit Judges.

## OPINION

### PER CURIAM.

Appellant, Herbert Zschiegner, appeals from the District Court's order granting appellee's motion to dismiss his amended complaint. Zschiegner filed an amended complaint in the United States District Court for the District of New Jersey seeking compensatory damages against the United States of America ("United States") for its alleged misrepresentation to the Canadian courts "of the substantive and procedural laws of the United States" during an execution action against his property. The United States filed a motion to dismiss the amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. After concluding that the government's immunity was

not waived under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, for a claim arising out of an alleged misrepresentation, the District Court granted appellee's motion and dismissed the amended complaint. The court further concluded that Zschiegner could not properly assert a claim for recoupment, since such a claim may only be brought as a counterclaim. This timely appeal followed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's order dismissing a complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. *See In re Cybergenics Corp.*, 226 F.3d 237, 239 (3d Cir.2000). After careful scrutiny of appellant's amended complaint and the parties' submissions on appeal, we agree that the District Court lacked subject jurisdiction over Zschiegner's claim for compensatory damages against the United States for its alleged misrepresentation to the Canadian courts, *see* 28 U.S.C. § 2680(h), and that appellant's purported claim of recoupment was improper. *See Livera v. First Nat'l State Bank*, 879 F.2d 1186, 1195–96 (3d Cir.1989); *see also United States v. American Color and Chem. Corp.*, 858 F.Supp. 445, 451 (M.D.Pa.1994) ("A recoupment claim can be asserted only when the plaintiff is seeking damages for a defendant's actions and the defendant counterclaims seeking to reduce any potential damage award because of the plaintiff's actions."). Accordingly, while we grant Zschiegner's motion for leave to file a supplemental brief, we will affirm the District Court's final order dismissing his amended complaint for lack of subject matter jurisdiction.